UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. C-05-701(2) |
| | § | |
| RAUL CARBAJAL-ADAME | § | |

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Pending before this Court is defendant's Motion to Suppress (D.E. 29) filed December 27, 2005. On January 26, 2006, this Court held a hearing on defendant's motion. At that hearing, the Court orally denied defendant's Motion to Suppress. The Court now submits this order in support of its findings and ruling.

In *Miranda v. Arizona*, the Supreme Court held that statements made by a defendant during a custodial interrogation absent "use of procedural safeguards effective to secure the privilege against self-incrimination" are inadmissible. 86 S.Ct. 1602, 1612 (1966). Thus, the defendant must be informed of his Fifth Amendment rights. *Id.* Once the defendant has been read and understands these rights, statements made by him will be admissible, provided that he waived his rights voluntarily, knowingly, and intelligently. *Id.*

On October 24, 2005, defendant Raul Carbajal-Adame was arrested by the Drug Enforcement Agency after the controlled delivery of approximately eight kilograms of cocaine hidden in a 2003 Ford Focus. The defendant was present at a meeting in a motel room where the recovery of the cocaine from the Ford Focus was discussed. The meeting

had been set up by a cooperating subject and the motel room was under DEA surveillance. The defendant was arrested outside the motel room after fleeing when DEA personnel moved in. After his arrest, it is alleged that the defendant made certain incriminating remarks to DEA agents revealing the defendant's knowledge of the cocaine hidden in the Ford Focus. The defendant has moved to suppress those statements on the grounds that they were taken in violation of his Fifth Amendment rights.

The defendant's Motion to Suppress (D.E. 29) makes a general unsupported claim that the defendant's statements were not taken voluntarily, intelligently or knowingly. However, at the January 26, 2006 hearing on defendant's motion, counsel for the defendant clarified that the sole basis asserted for suppressing the defendant's statements is that after the defendant made the statements, they were not reduced to writing.[1] The defendant is not attempting to raise an issue as to the defendant's voluntariness. Therefore, because the issue of the voluntariness of the defendant's statements is not before the Court, the Court will address only the defendant's argument that his statements should be suppressed because they were not reduced to writing.

The defendant cites *United States v. Martinez-Gaytan*, 213 F.3d 890 (5th Cir. 2000) as authority for the proposition that statements elicited from a defendant under interrogation must be reduced to writing. *Martinez-Gayton* held that the government's failure at a suppression hearing to produce the translator who took post-arrest statements from a defendant rendered testimony recounting the defendant's statements hearsay. 213

---

[1] Counsel for the defendant admitted that prior to making the statements the defendant had been given his Miranda warnings in Spanish, and that the DEA interrogation of the defendant was conducted in Spanish.

F.3d at 892. *Martinez-Gayton* has no application here, nor does it support the defendant's position. Furthermore, this Court is not aware of any authority, and the defendant has cited none, requiring the suppression of a defendant's statements simply because the government did not reduce them to writing.

Accordingly, the statements alleged to have been made by the defendant are admissible. Defendant's Motion to Suppress (D.E. 29) is DENIED.

ORDERED on January 26, 2005 and ENTERED this  31  day of January, 2006.

HAYDEN HEAD
CHIEF JUDGE